## WILLIAM FEHLER *v.* JAMES G. PAGE.

**Personal Property—Warranty—Limitation.**

> Where personal property is retained for five years, without complaint, if there was a warranty at the time of the sale of same, the law presumes that the property was as warranted o be.

APPEAL FROM BARREN CIRCUIT COURT.

May 23, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The fact that the jack was lying down at the time of the sale, there being no other alleged obstruction in the way furnished no excuse for the failure of appellant then to measure him, or to inspect him and ascertain his true height.

Moreover it appears that more than six years had elapsed from the date of the sale until the answer was filed, during all of which time no dissatisfaction was manifested with his purchase by appellant, nor unwillingness to retain him, and it must be presumed

he used the jack for the purpose for which he purchased him, and realized gains from his services. Nor is it alleged in the original, or amended answer that he was induced by any subsequent representations true, or false, of the seller, to retain the jack for so great a lenght of time, without complaint, if there was a warranty the law presumes he was such as he was warranted to be.   3 Starkie 1665-6.

The period which had elapsed between the sale and the filing of the answer, in which the first complaint of the breach of warranty is made, is shown by the pleadings. The defense set up in the answer was therefore insufficient, and the demurrer properly sustained. Wherefore, the judgment is *affirmed*.

*Lawless, for appellant.*

*Barnett & Edwards, for appellee.*